[No. 2060.]

LONG ET AL. v. McGOWAN ET AL.

PRACTICE—PLEADING—CROSS COMPLAINT—DISMISSAL.

Where an action was brought against two defendants and one of the defendants filed what was termed a cross complaint against his codefendant but which alleged no claim or cause of action against the plaintiff, and the other defendant demurred to the complaint which was sustained, and the plaintiff declining to amend, the action was dismissed, *held* that a dismissal of the complaint was a dismissal of the whole case, and that a defendant cannot by a cross complaint against his codefendant prevent a dismissal of the case by plaintiff.

*Error to the District Court of Boulder County.*

Mr. WILLIAM KNAPP, for plaintiffs in error.

Mr. GEORGE S. REDD, for defendants in error.

THOMSON, J.

Margaret McGowan and others brought suit against Mary J. Long, William Long and Matthew Stuart to enforce specific performance of a contract for the conveyance of land, executed by Mary J. and William Long to the plaintiffs, and for an order allowing the plaintiffs to redeem from a sale to the defendant, Stuart, of the same land, under a decree of foreclosure against the Longs. Stuart demurred to the complaint, and the defendants, Longs, filed what they termed a cross complaint, alleging that they were never served with

summons in the foreclosure proceedings, and praying that the sale and decree be adjudged void.

Stuart's demurrer to the complaint was sustained, and, the plaintiffs declining to amend, the action was dismissed as to him. Afterwards, a demurrer of Stuart to the cross complaint was sustained, and on his application the cross complaint was dismissed as to him, and the defendants, Longs, have brought the judgment of dismissal here for review.

Counsel for Stuart says that the dismissal of the plaintiffs' complaint carried the whole case with it, and that, after such dismissal, the court had no alternative but to dismiss the cross complaint, while in behalf of the Longs it is contended that a cross complaint is not affected by a dismissal of the original complaint, but remains for disposition as though it were itself the complaint. There is, therefore, nothing before us but a question of practice. To find the effect of the dismissal of the plaintiffs' action, we must look to the Code. Section 166 provides that an action may be dismissed by the plaintiff at any time before trial, if a counterclaim has not been made, and section 57 defines a counterclaim as being a claim in favor of a party, plaintiff or defendant, against the adverse party, between whom a several judgment might be had in the action, and arising out of the transaction set forth as the foundation of the plaintiff's claim or the defendant's defense; or, in an action arising upon contract, any other cause of action arising also upon contract. If this cross complaint asserted a claim against the plaintiffs belonging to one of the classes mentioned in section 57, it would be a counterclaim, and as against it the action could not be dismissed. But it asserted no claim against the plaintiffs. It alleged no facts, which, if proven, would entitle the defendants, Longs, to a judgment against the plaintiffs. The only relief sought by the Longs was against their co-defendant Stuart. Their cross complaint was, therefore, not a counterclaim. If they had a cause of action against Stuart, they could enforce it in an original proceeding instituted by them, but they could not prevent a dismissal

by the plaintiffs, so as to divert the suit from its original purpose into a litigation between them and Stuart. The refusal of the plaintiffs to amend was equivalent to a voluntary dismissal, and as no counterclaim had been interposed, the dismissal carried the entire case out of court.

The judgment is affirmed.

*Affirmed.*